# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9221 | **DATE** | 11/20/2012 |
| **CASE TITLE** | John A. Cumbee  (B-45021) vs. Warden Hardy | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted.  The Court authorizes and orders Stateville Correctional Center officials to deduct $1.80 from Plaintiff's account, and to continue making monthly deductions in accordance with this order.  The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall also  issue summons for service of the complaint on the Defendant and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.  Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

　　　Plaintiff, John A. Cumbee, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

　　　Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.80.  The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

　　　Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

　　　Plaintiff alleges that he filed a civil rights lawsuit in May 2011 alleging that he was being denied proper medical care at Stateville Correctional Center, *Cumbee v. Hardy*, Case No. 11 C 3511 (N.D. Ill).  Warden Hardy was a defendant in that matter.  Plaintiff received Hardy's responsive pleading in Case No. 11 C 3511 on August 22, 2011. On August 25, 2011, Plaintiff was placed on investigative status and removed from his work assignment in the prison kitchen due to an anonymous allegation that Plaintiff was involved in an altercation while at his work assignment.  On September 12, 2011, Plaintiff was released from investigative status with no disciplinary ticket being issued. However, Plaintiff was not allowed back to his work assignment that he had been at for over two years without incident.  Plaintiff has repeatedly tried to return to his work assignment but Hardy has not approved his reassignment. Other prisoners who have been found guilty of infractions at their work assignment have been allowed back to their work assignment.  Plaintiff alleges that Hardy removed him from his work assignment and refuses to allow him to return to his work assignment in retaliation for his earlier lawsuit.

　　　To prevail on a claim of retaliation under the First Amendment, a plaintiff must demonstrate that: (1) he

# STATEMENT

engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). An act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541. Plaintiff's retaliation claim does not, on initial review, appear to be frivolous, malicious, or inadequate to state a claim. Accordingly, Warden Hardy must respond to the complaint (it remains open to the defendant to challenge the sufficiency of the complaint).

The United States Marshals Service is appointed to serve the Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his amended complaint. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.